UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JESSICA SANCHEZ,
*on behalf of herself and all others*
*similarly situated*,

Plaintiff,

v.

CREDIT CONTROL, LLC,
*a Missouri Limited Liability Company*,

Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act* pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Jessica Sanchez ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Saint Lucie County, Florida.

1

5. Defendant, Credit Control, LLC, is a Missouri Limited Liability Company, engaged in the business of collecting consumer debts, which operates from offices located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0900526.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. At all times material to the allegations of this Complaint, Defendant was acting as debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a Bank of America credit card account. The credit card account was not acquired for any commercial purpose. The debt was incurred primarily for personal, household or family purposes.

12. Professional Recovery Services, Inc. was a consumer collection agency doing business in the State of Florida as Echelon Recovery, Inc.

13. Professional Recovery Services Inc.'s license to collect consumer debts in Florida expired in the year 2000, license number CCA9901253.

14. On information and belief, Professional Recovery Systems, Inc. operated as Echelon Recovery Systems, Inc. in the State of Florida since the year 2001.

2

15. Echelon Recovery Systems, Inc. was a consumer collection agency in Florida, license number CCA0900396.

16. On information and belief, Defendant Credit Control, LLC acquired Professional Recovery Services, Inc. in 2013, and allowed it to operate as a separate corporate entity.

17. On information and belief, Defendant Credit Control, LLC took over Professional Recovery Services, Inc.'s accounts, including Plaintiff's account, on July 1, 2015.

18. On or about June 5, 2015, Defendant, while operating under its former name Professional Services, Inc., sent Plaintiff a letter in regard to the collection of an alleged debt. (The "Professional Services Demand Letter" is attached hereto as "Exhibit 1.").

19. On or about June 19, 2015, Plaintiff sent Professional Recovery Services, Inc. a letter requesting verification of the debt. (The "Verification Letter" is attached hereto as "Exhibit 2.").

20. Defendant never verified Plaintiff's debt as requested by Plaintiff in her Verification Letter.

21. On or about July 2, 2015, Defendant Credit Control, LLC sent Plaintiff a letter requesting payment of the alleged debt. (The "Credit Control Demand Letter" is attached hereto as "Exhibit 3").

22. Plaintiff never received the requested verification of the debt from Professional Recovery Services, Inc./Echelon Recovery Systems, Inc. prior to receiving the July 2,

3

2015 Credit Control Demand Letter. To date there has never been a response to Plaintiff's Verification Letter.

23. *15 U.S.C. §1692g(b)* states:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

24. The Credit Control Demand Letter was Defendant's initial communication with Plaintiff in regards to the collection of the alleged debt.

25. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that is the consumer notifies the debt collector in writing within the thirty-day period that the

      debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector; and

      (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. Defendant's Credit Control Demand Letter violated *15 U.S.C. §1692g(a)* as it did not contain the disclosures required by the *FDCPA* in its initial communication or within five days after.

27. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

28. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) whose accounts were previously with Professional Recovery Services, Inc. (iii) to whom initial communication letters were sent by Defendant Credit Control, LLC (iii) that did not contain the disclosures required by *15 U.S.C. §1692g(a)* (iv) that were mailed, delivered or caused to be served by the Defendant Credit Control, LLC (v) that were not returned undeliverable by the U.S. Post Office (vi) in an attempt to collect a debt incurred for personal, family, or household purposes (vii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

29. Plaintiff alleges on information and belief that Defendant Credit Control, LLC's use of sending initial communication letters that did not contain the disclosures required by *15 U.S.C. §1692g(a)*, served upon the Class is so numerous that joinder of all members of the Class is impractical.

30. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was served with an initial communication letter by Defendant Credit Control, LLC that did not contain the disclosures required by *15 U.S.C. §1692g(a)*.

31. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

32. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

33. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## CLASS CLAIM VIOLATION OF *15 U.S.C. § 1692g(a)*

35. Plaintiff re-alleges Paragraphs 1 through 27.

36. *15 U.S.C. §1692g(a)* states:

    Validation of debts.

    (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

7

37. Defendant sent the Credit Control Demand Letter to Plaintiff and a substantially similar letter to Class members whose accounts were previously with Professional Recovery Inc., in an attempt to collect a consumer debt.

38. The Credit Control Demand Letter was an initial communication between Plaintiff and Defendant and did not contain the notice required by *15 U.S.C. §1692g(a)*.

39. Defendant did not send out the notice required by *15 U.S.C. §1692g(a)*, within 5 days of sending out its initial collection letters to Plaintiff, and putative Class members whose accounts were previously with Professional Recovery, Inc.

40. Defendant violated the *FDCPA* by failing to provide the notice required by *15 U.S.C. §1692g(a)* in its initial collection letters, or within 5 days of sending its initial collection letters.

41. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

42. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## PLAINTIFF'S INDIVIDUAL ALTERNATIVE COUNT
## VIOLATION OF *15 U.S.C. § 1692g(b)*

43. Plaintiff re-alleges Paragraphs 1 through 27.

44. *15 U.S.C. §1692g(b)* states:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a

     judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

45. Defendant's July 2, 2015 "Credit Control Demand Letter" violated *15 U.S.C. §1692g(b)* because Defendant did not cease collection of the debt until it mailed a verification of the debt to Plaintiff as requested by Plaintiff's June 19, 2015 Verification Letter.

46. Pursuant to *15 U.S.C. §1692g(b)*, after Plaintiff mailed the Verification Letter, Defendant may not attempt to collect the alleged debt until Defendant obtains verification of the debt and mails the same to Plaintiff.

47. Defendant did not then, or ever, mail Plaintiff a verification of the debt.

48. Defendant did not cease collection of the alleged debt until verification of the debt was mailed to Plaintiff. Defendant therefore violated *15 U.S.C. §1692g(b)*.

49. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

50. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

9

    c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

    d. An award of attorney's fees, litigation expenses and costs of the instant suit;

    e. Any and all prejudgment interest rendered by law; and

    f. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 1, 2015.

                                                      Respectfully submitted,

                                                      */s/ Leo W. Desmond*
                                                      Leo W. Desmond, Esq.
                                                      DESMOND LAW FIRM, P.C.
                                                      Florida Bar No. 0041920
                                                      5070 Highway A1A
                                                      Suite D
                                                      Vero Beach, Florida 32963
                                                      Telephone: (772) 231-9600
                                                      Facsimile: (772) 231-0300
                                                      lwd@verobeachlegal.com
                                                      *Attorney for Plaintiff*

                                                      */s/ S. Keley Jacobson*
                                                      S. Keley Jacobson, Esq.
                                                      DESMOND LAW FIRM, P.C.
                                                      Florida Bar No. 102200
                                                      5070 Highway A1A
                                                      Suite D
                                                      Vero Beach, Florida 32963
                                                      Telephone: (772) 231-9600
                                                      Facsimile: (772) 231-0300
                                                      jacobson@verobeachlegal.com
                                                      *Attorney for Plaintiff*